UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-61519-CIV-COOKE/BANDSTRA

JUSSI KIVISTO,

    *Plaintiff*,

v.

MILLER, CANFIELD, PADDOCK AND
STONE, PLC, *et al.*,

    *Defendants*.

_____/

### ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

THIS MATTER is before me upon Defendants' Motions to Dismiss [D.E. 21, 37, 39], Plaintiff's Response in Opposition to the motions [D.E. 45], and Defendants' reply thereto [D.E. 53, 54]. I am dismissing Plaintiff's Second Amended Complaint, with prejudice.

**I.  Background**

Plaintiff Jussi Kivisto, an attorney proceeding *pro se*, filed his Second Amended Complaint ("SAC") on October 14, 2008. The SAC includes two hundred and thirty-four paragraphs in fourteen counts, and totals forty-nine pages. Despite its voluminous content, the relevant factual allegations contained in the SAC can be succinctly summarized:

Defendant Susan I. Robbins, an attorney with the law firm of Defendant Miller, Canfield, Paddock and Stone, PLC ("Miller, Canfield"), mailed a letter to the Florida Bar

on July 26, 2005, in which she complained that Plaintiff's conduct in an estate matter constituted Medicare fraud. Defendant Geoffrey M. Chin, also an attorney with Miller, Canfield, mailed a similar letter to the Florida Bar on August 29, 2005. Subsequent letters were mailed to the Florida Bar from attorneys at Miller, Canfield over the course of several months.

After November 3, 2006, Defendants Michael David Soifer and Kenneth Lawrence Marvin, both attorneys employed by the Florida Bar, mailed multiple documents and pleadings to the Supreme Court of Florida, including a witness list and motion for protective order. The witness list identified Defendant Robbins and Defendant Brian K. Duffy, a lawyer employed with Defendant Hodgson Russ, LLP, as the only material witnesses in the bar proceedings.

These actions from the basis of Plaintiff's fourteen count SAC, alleging violations of the Racketeer Influenced and Corrupt Practices Act ("RICO") through extortion (Counts I and V), mail fraud (Counts III and VII), and conspiracy to violate RICO through extortion and mail fraud (Counts II, IV, VI and VIII). Plaintiff also claims that Defendants engaged in conspiracies in violation of 42 U.S.C. §§ 1983 (Counts IX and X), 1985(2) (Counts XI and XII), and 1985(3) (Counts XIII, XIV).

## II.     Legal Standard

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-9, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."). Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Although, the pleadings of pro se litigants are entitled to liberal construction, "this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

### III. Analysis

In three separate motions, Defendants offer up numerous reasons why Plaintiff's SAC should be dismissed. I am granting the motion on the one ground common to each of the motions, and the most appropriate— Plaintiff's SAC fails to state a claim. The Eleventh Circuit has recently taken the time to discuss two recent Supreme Court cases that provide ample support for my decision in this case—*Twombly and Iqbal*. See *American Dental Ass'n v. Cigna Corp.*, --- F.3d ---, No. 09-120332010 WL 1930128 (11th Cir. May 14, 2010). In *American Dental*, the Eleventh Circuit noted that the *Iqbal* decision allows courts to infer from the factual allegations in the complaint "obvious alternative explanations" which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. 2010 WL 1930128 at *4 (citing *Iqbal v. Ashcroft*, 129 S.Ct. 1937, 1951-52 (2009)). Following this standard, I must dismiss Plaintiff's SAC.

Plaintiff's SAC is filled with legal conclusions that lack any factual support, which Plaintiff acknowledges. Paragraph 65 of the SAC states that: "Upon information and belief (sic) the Bar Attorney Defendants covered up the Guardian Attorney

Defendants (sic) Cover-Up in return for financial advantage and/or consideration, *the particulars of which are not now in the possession of Plaintiff Kivisto*, but are known to and are in the possession of the Defendants, and will be obtained through discovery." [D.E. 18]. In fact, Plaintiff's SAC does not contain the "particulars" supporting any of its counts. Indeed, when the unsupported legal conclusions in the SAC are eliminated, the remaining relevant factual allegations are limited to letters to the Florida Bar and pleadings filed with the Florida Supreme Court. These factual allegations suggest one very obvious, lawful explanation for Defendants' actions— a bar complaint that, after investigation, led to a bar proceeding against Plaintiff. I am dismissing Plaintiff's Complaint.

### IV. Conclusion

Defendants' Motions to Dismiss [D.E. 21, 37, 39] are **GRANTED**. Plaintiff's Second Amended Complaint [D.E. 18] is **DISMISSED WITH PREJUDICE**. The Clerk shall **CLOSE** this case. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Miami, Florida this 1ST day of June 2010.

MARCIA G. COOKE
United States District Judge

*Copies furnished to:*
The Hon. Ted E. Bandstra
All counsel of record